IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **FREDERICA STOWERS,** | ) |
| Plaintiff, | ) |
| v. | ) No. 2:21-cv-02083-TLP-atc |
| **SHELBY COUNTY SCHOOLS, et al.,** | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION FOR PARTIAL SUA SPONTE DISMISSAL AND TO ISSUE PROCESS FOR THE REMAINING DEFENDANT**

On February 4, 2021, Plaintiff Frederica Stowers filed a *pro se* complaint against Defendants Shelby County Schools ("SCS"), Joris Ray, William Johnson, Tara Hunter, Anthony Krone, Barbara Deloach, and "Dr. Strong."  (ECF No. 1.)  Plaintiff also filed a motion to proceed *in forma pauperis*.  (ECF No. 2.)  Plaintiff's original affidavit in support of her motion to proceed *in forma pauperis* was insufficient, and she was directed to file a properly completed affidavit or pay the civil filing fee.  (ECF No. 7.)  On March 15, 2021, Plaintiff submitted a properly completed *in forma pauperis* affidavit, and she was granted leave to proceed *in forma pauperis* on April 6, 2021.  (ECF Nos. 8 & 9.)  Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

**PROPOSED FINDINGS OF FACT**

Plaintiff filed her Complaint on a Court-supplied form, alleging claims against Defendants for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et*

1

*seq.* (the "ADA"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (the "ADEA"); "Unfair Labor Practices"; and "Workers Compensation." (ECF No. 1, at 4.) Stowers alleges that she was discriminated against when she was "forced to retire due to disability from work related injury no fault of [her] own." (*Id.* at 5.) Plaintiff contends that the alleged discriminatory acts occurred on January 15, 2020, and that Defendants are still discriminating against her. (*Id.*) Stowers further alleges that Defendants discriminated against her on the basis of her disability, which includes "chronic PTSD, anxiety, depression, elevated blood pressure, panic attacks, memory loss, and exacerbated IBS-anxiety." (*Id.*) For relief, Plaintiff seeks more than $1,000,000 for "ongoing medical treatment therapy, future medical bills, loss of career & retirement benefits, pain and suffering, emotional distress, harassment, [and] injury resulted in permanent disability." (ECF No. 1, at 6.)

In addition to her Complaint, Plaintiff submitted a Right to Sue Letter from the Equal Employment Opportunity Commission, dated November 9, 2020, and her Charge of Discrimination against SCS, dated October 19, 2020. (ECF Nos. 1-1 & 6.) The Court takes judicial notice of these attachments to the Complaint. *See Harper v. Shelby Cnty. Gov't*, No. 2:15-cv-2502-STA-cgc, 2016 WL 737947, at *4 (W.D. Tenn. Feb. 23, 2016) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)) ("When a Court considers whether dismissal for failure to state a claim is appropriate, the Court may consider the complaint and attached exhibits, as well as any public records, so long as they are referred to in the complaint and are central to the claims contained therein."). In her Charge of Discrimination, Plaintiff alleges that she was born in 1969 and that SCS discriminated against her based on her age and disability between December 12, 2019, and February 1, 2020. Specifically, Plaintiff alleges that:

> I was hired in August 2010, as a teacher. In December 2018, I suffered an on the job injury. I went on medical leave in January 2019. I have not been released to

> return to work because of my disability. On February 2020, I was forced to retire
> due to my disability and before my doctor released me to return to work. I
> believe I was discriminated against because of my disability and my age (50) in
> violation of the Americans with Disabilities Act Amendments Act (ADAAA) and
> the Age Discrimination in Employment Act (ADEA)."

(ECF No. 6, at 1.) Plaintiff makes no other substantive allegations in support of her claims in the Complaint or its attachments.

## PROPOSED CONCLUSIONS OF LAW

**I.      28 U.S.C. § 1915(e)(2) Screening**

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

**II.     Standard of Review for Failure to State a Claim**

To determine whether Plaintiff's Complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine

whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not

4

encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

In pleading employment discrimination claims, "[a] claimant need not . . . allege facts establishing a prima facie case of disability discrimination to survive a motion to dismiss under Rule 12(b)(6)." *Morgan v. St. Francis Hosp.*, No. 19-5162, 2019 WL 5432041, at *1 (6th Cir. Oct. 3, 2019) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002)); *see also Chapman v. Olymbec USA, LLC*, No. 2:18-cv-02842-SHM-tmp, 2019 WL 5684177, at *8 (W.D. Tenn. Nov. 1, 2019) (citing *Keys v. Humana*, 684 F.3d 605, 610 (6th Cir. 2012)) ("The satisfaction of every element of a prima facie case at the motion-to-dismiss stage is not required."). In other words, "so long as a complaint provided an adequate factual basis for a discrimination claim, it satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2)." *Morgan*, 2019 WL 5432041, at *2 (Griffin, J., concurring in part, dissenting in part) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012)). Nevertheless, whether a plaintiff can state a prima facie case for discrimination "is illustrative of whether she has provided an adequate factual basis for her claims." *Chapman*, 2019 WL 5684177, at *5.

### III. Plaintiff's Claims Under the ADA

"The ADA prohibits discrimination by a covered entity 'against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation job training, and other terms, conditions, and privileges of employment.'" *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702–03 (6th Cir. 2008) (quoting 42 U.S.C. § 12112(a)). For the

5

reasons below, Plaintiff's ADA claims against the individually named Defendants should be dismissed, her ADA claim against SCS should proceed, and process should be issued and served on SCS pursuant to Local Rule 4.1(b)(2).

    A.    <u>Plaintiff's ADA claims against the individually named Defendants should be dismissed.</u>

Dismissal of the ADA claims against the five individually named Defendants is recommended. Plaintiff provides no specific allegations against these Defendants; instead, the allegations of the Complaint (ECF No. 1) and the Charge of Discrimination (ECF No. 6) appear to be directed at SCS. It is not clear whether Stowers seeks to hold Ray, Johnson, Hunter, Krone, Deloach, and Strong individually liable under the ADA or whether she attempts to sue them in their official capacity as SCS supervisors and employees. To the extent she seeks to hold them individually liable, such a claim is not available under the ADA. Coworkers and supervisors, who does not themselves qualify as employers, cannot be held individually liable under the ADA. *Ford v. Frame*, 3 F. App'x 316, 318 (6th Cir. 2001) (citations omitted); *see also Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999)) ("[I]ndividual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases."); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404–05 (6th Cir. 1997) (holding that individual liability is prohibited under Title VII and similar statutory schemes, such as the ADEA and the ADA) (collecting cases).

To the extent Plaintiff seeks to sue the individually named Defendants in their official capacities, allowing suit against them in addition to SCS would be redundant. *See Sack v. Barbish*, No. 1:21-cv-00364-PAB, 2021 WL 4148725, at *4 (N.D. Ohio Sept. 13, 2021) (dismissing official capacity claims against a city's mayor, when the city itself had been sued, because such claims are redundant) (citations and quotations omitted). It is recommended that

Stowers's ADA claims against Ray, Johnson, Hunter, Krone, Deloach, and Strong be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

B.   <u>Plaintiff's ADA claim against SCS should proceed.</u>

Though Plaintiff did not check the box for "termination of my employment" (or any of the other cognizable claims under the ADA), Stowers checked the "other acts" box and alleges employment discrimination against SCS because she was "forced to retire due to disability." (ECF No. 1, at 5; *see also* ECF No. 6, at 1 ("I was forced to retire due to my disability and before my doctor released me to return to work.")). The Court construes her claim as one of constructive termination under the ADA. *See, e.g.*, *Marshall v. Wayne Cnty.*, No. 19-cv-12515, 2020 WL 5505382, at *3 (E.D. Mich. Sept. 11, 2020) (construing the plaintiff's claim that he was forced to retire as a constructive termination).

To establish a claim for wrongful termination, Plaintiff must show: "(1) she has a disability, (2) she is 'otherwise qualified for the position, with or without reasonable accommodation,' (3) she 'suffered an adverse employment decision,' (4) her employer 'knew or had reason to know' of her disability, and (5) she was replaced or her position remained open." *Williams v. AT&T Mobility Servs. LLC*, 847 F.3d 384, 395 (6th Cir. 2017) (quoting *Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir. 2011)). However, at the motion to dismiss stage, the requirements are somewhat simplified. "To state a claim of discrimination under the ADA, [Plaintiff] must plead facts that make plausible the inference that (1) she is disabled, (2) she is qualified to perform her job requirements with or without reasonable accommodation, and (3) she would not have been discharged but for the disability." *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (collecting cases).

7

Plaintiff has satisfied this low threshold for purposes of screening under 28 U.S.C. § 1915(e)(2)(B)(ii).  First, Stowers alleges that she suffers from "chronic PTSD, anxiety, depression, elevated blood pressure, panic attacks, memory loss, and exacerbated IBS-anxiety." (ECF No. 1, at 5.)  This allegation is sufficient to plead a disability under the ADA.  *See* 29 C.F.R. § 1630.2(j)(3)(ii)–(iii) ("[I]t should easily be concluded that the following types of impairments will, at a minimum, substantially limit the major life activities indicated: . . . major depressive disorder, bipolar disorder, post-traumatic stress disorder, obsessive compulsive disorder, and schizophrenia substantially limit brain function.").  Second, though Plaintiff does not directly address her job qualifications, she alleges that she was hired by SCS as a teacher in August 2010, and she presumably continued in that capacity until she "went on medical leave in January 2019." (ECF No. 6, at 1.)  Those allegations are sufficient to plausibly allege she was qualified to perform her job with or without reasonable accommodations.  *See Darby*, 964 F.3d at 444.  Third, in alleging that she was "forced to retire due to disability" (ECF No. 1, at 5), Stowers has adequately pled that she would not have been discharged but for her disability. Plaintiff has adequately pled a claim for disability discrimination against SCS, such that process should be issued and served on SCS pursuant to Local Rule 4.1(b)(2).

**IV.     Plaintiff's ADEA Claims Should Be Dismissed**

Stowers alleges that she was discriminated against based on her age in violation of the ADEA.  (ECF No. 1, at 1; ECF No. 6, at 1.)  The essential elements of an age discrimination claim under the ADEA are that the plaintiff (1) was at least forty years old at the time of the alleged discrimination, (2) was subjected to an adverse employment action, (3) was otherwise qualified for the position, and (4) was replaced by a younger worker.  *McKnight v. Gates*, 282 F. App'x 394, 400 (6th Cir. 2008).  "In ADEA claims, the plaintiff bears the burden of persuasion

8

to show that 'age was the "but-for" cause of the employer's adverse action.'" *Herring v. City of Memphis*, No. 16-2995-SHL-dkv, 2017 WL 9470635, at *3 (W.D. Tenn. Apr. 20, 2017), *report and recommendation adopted*, 2017 WL 3025560 (W.D. Tenn. Jul. 17, 2017) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009)) (denying a motion to dismiss an ADEA termination claim when the plaintiff alleged, *inter alia*, she was fired because of her age and replaced by a younger worker); *see also Marshall*, 2020 WL 5505382, at *5 (citing *Smith v. Wrigley Mfg. Co., LLC*, 749 F. App'x 446, 448 (6th Cir. 2018)) (granting a motion to dismiss an ADEA termination claim because "Plaintiff failed to plead specifics about the name, age, or qualifications of the employee who replaced him").

Plaintiff alleges that she was born in 1969 and was fifty years old when the alleged discrimination occurred. (ECF No. 6, at 1.) However, Plaintiff has not alleged any facts that might allow the Court to infer that she lost her job because of her age; instead, she alleges that "she was forced to retire due to disability." (ECF No. 1, at 5.) Plaintiff thus has failed to allege that her age was the but-for cause of her termination. *See Gross*, 557 U.S. at 177.

Furthermore, Stowers fails to allege that she was replaced by a younger worker. In fact, Plaintiff does not state whether she was replaced at all, and she does not mention the ages or qualifications of any other person. Because Plaintiff has failed to plead sufficient facts for the Court to infer the essential elements of an age discrimination claim, it is recommended that Plaintiff's claims against all Defendants under the ADEA be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[1]

---

[1] Plaintiff's ADEA claims against the five individually named Defendants should be dismissed for the additional reason that, like the ADA (as discussed above in Section III.A), the ADEA does not impose individual liability on supervisors and employees. *See Baugh v. Wilkie*, No. 2:20-cv-02093-JTF-tmp, 2020 WL 1217361, at *3 (W.D. Tenn. Mar. 12, 2020) ("Title VII, the ADEA, and the ADA limit liability to an employer and define 'employer' essentially the same

V.    **Plaintiff's Claims for Unfair Labor Practices and Workers Compensation Should Be Dismissed**

Plaintiff has not alleged any facts in either her Complaint or Charge of Discrimination that might support her claims for "Unfair Labor Practices" and "Workers Compensation." As to the former, it is not clear what Plaintiff means by "Unfair Labor Practices," as such claims by employees typically involve violations of collective bargaining agreements brought under the Labor Management Relations Act ("LMRA"). Here, Plaintiff has made no such allegations. Furthermore, the statute of limitations for bringing such claims under the LMRA is six months. *Hill v. McCrabb*, 19 F. App'x 314, 316 (6th Cir. 2001) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983)). Plaintiff alleges that she was forced to retire on January 15, 2020, and she filed her Complaint over six months later on February 4, 2021. (ECF No. 1, at 5.) As a result, even if Plaintiff attempted to assert claims for unfair labor practices under the LMRA, those claims would be time barred.

The same is true of Plaintiff's "Workers Compensation" claim. This claim is also unclear, as the Complaint contains no allegations regarding a dispute under the Tennessee Workers' Compensation Act. Plaintiff does not allege that she filed for benefits, that benefits were denied, or that she has any dispute relating to workers' compensation benefits. Even if Stowers had made such allegations, the Record contains no indication that she timely exhausted her administrative remedies before filing her Complaint, as required under Tennessee law. *See Word v. Metro Air Servs., Inc.*, 377 S.W.3d 671, 675 (Tenn. 2012) (quoting Tenn. Code Ann. § 50-6-203(a)(1)) ("[W]hen an administrative remedy is provided by statute, that remedy must first be exhausted before seeking relief from the courts. . . . The plain words of the workers'

---

way. That is, an 'employer' does not include supervisors, managers, or co-workers of a plaintiff.") (citations omitted).

10

compensation statute expressly require exhaustion: 'No claim for compensation under this chapter shall be filed with a court having jurisdiction to hear workers' compensation matters, as provided in § 50–6–225, until the parties have exhausted the benefit review conference process provided by the division of workers' compensation.'").  Plaintiff's workers' compensation claim should also be dismissed.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's claims against the five individually named Defendants for violations of the ADA and her claims against all Defendants for violations of the ADEA, unfair labor practices, and workers compensation benefits be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

With respect to Stowers's ADA claim against SCS, the Court recommends that the Clerk of Court be directed to issue process for SCS and to deliver that process to the U.S. Marshal for service along with a copy of the Complaint (ECF Nos. 1, 1-1, 6), this Report and Recommendation (ECF No. 10), and any Order from the District Judge regarding this Report and Recommendation; that service be made on SCS pursuant to Federal Rule of Civil Procedure 4(c)(3); and that all costs of service be advanced by the United States.

Respectfully submitted this 3rd day of November, 2021.

s/Annie T. Christoff  
ANNIE T. CHRISTOFF  
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14)

days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.