IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| FREDERICA STOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:21-cv-02083-TLP-atc |
| v. | ) | |
| | ) | |
| SHELBY COUNTY SCHOOLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pro se Plaintiff, Frederica Stowers, sued Defendants, Shelby County Schools and several of its employees, alleging various discriminatory conduct. (ECF No. 1.) In particular, Plaintiff sued under the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and for unspecific unfair labor practices and workplace compensation issues. (*Id.* at PageID 4.) Under Administrative Order No. 2013-05, the Court referred this case to a United States Magistrate Judge for management of all pretrial matters. And Magistrate Judge Christoff ("Judge Christoff") screened the case, under 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2), and issued a Report and Recommendation ("R&R"), recommending that this Court dismiss some of Plaintiff's claims. (ECF No. 10.) But Judge Christoff also recommended that this Court permit Plaintiff to pursue her ADA claim against Defendant Shelby County Schools. (*Id.*) Plaintiff failed to object to Judge Christoff's R&R.

For the reasons stated below, the Court agrees with Judge Christoff's recommendation and **ADOPTS** the R&R in full.

After accurately summarizing the facts in the complaint, and outlining the proper screening standard under 28 U.S.C. § 1915(e)(2)(B) and FRCP 12(b)(6), Judge Christoff recommended that this Court dismiss all but Plaintiff's ADA claims against Shelby County Schools.  Judge Christoff explained why Plaintiff alleged enough to assert her ADA claim and then addressed the flaws in Plaintiff's remaining claims.

For starters, Judge Christoff found that Plaintiff alleged a proper ADA claim because she included allegations related to the five elements of a wrongful termination claim.  (*Id.* at PageID 42–43.)  That is, Judge Christoff found that Plaintiff claimed that she: (1) had a disability, (2) was qualified for her position, and (3) that she suffered an adverse employment decision because of her disability.  (*Id.* at PageID 43.)  As a result, Judge Christoff found that Plaintiff "has adequately pled a claim for disability discrimination against [Defendant Shelby County Schools], such that process should be issued and served on" Defendant.  (*Id.*)

As for Plaintiff's other claims, Judge Christoff found either that relief was unavailable to Plaintiff or that Plaintiff's description of events did not match her purported claims for relief.  For example, Judge Christoff began by discussing Plaintiff's ADA claims against the five individual Shelby County Schools' employees.  (*Id.* at PageID 41.)  She noted that Plaintiff could not bring an ADA claim against these individuals in their personal capacity—because Plaintiff's "[c]oworkers and supervisors, who do[ ] not themselves qualify as employers, cannot be held individually liable under the ADA"—or in their official capacity, as "allowing suit against them in addition to [Defendant Shelby County Schools] would be redundant."  (*Id.*)  Considering this information, Judge Christoff recommended that this Court dismiss Plaintiff's ADA claims against these Defendants.

Next, Judge Christoff suggested that Plaintiff's ADEA claims should be dismissed. (*Id.* at PageID 43.) She found that, although Plaintiff was fifty years old when Defendant terminated her, Plaintiff's complaint claims that she lost her job because of her disability and not her age. (*Id.* at PageID 44.) Judge Christoff therefore recommended that Plaintiff "failed to allege that her age was the but-for cause of her termination" and that she "failed to plead sufficient facts for the Court to infer the essential elements of an age discrimination claim[.]" (*Id.*)

Lastly, Judge Christoff suggested that the Court also dismiss Plaintiff's claims for unfair labor practices and workers compensation. (*Id.* at PageID 45.) She found that Plaintiff failed to allege any unfair practices or worker compensation issues properly. (*Id.*) And Judge Christoff noted that Plaintiff's claims were likely time-barred or that Plaintiff failed to show that she exhausted her administrative remedies related to these claims timely. So she recommended that the Court dismiss these claims.

After reviewing Plaintiff's complaint in a light most favorable to her and after considering Judge Christoff's R&R, this Court **ADOPTS** the R&R and **DISMISSES** Plaintiff's ADEA, worker compensation, and unfair labor condition claims **WITH PREJUDICE**. The Court also **DISMISSES** Plaintiff's ADA claims against the individually named Defendants **WITH PREJUDICE**. Plaintiff's only remaining claim is her ADA claim against Defendant Shelby County Schools. The Court respectfully **DIRECTS** the Clerk's office to issue process for Defendant Shelby County Schools and to deliver that process to the U.S. Marshal for service along with a copy of the Complaint (ECF Nos. 1 and 6), the Report and Recommendations (ECF No. 10) and this Court's Order (ECF No. 13).

**SO ORDERED**, this 30th day of June, 2022.

                                            s/Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE