IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FREDERICA STOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:21-cv-02083-TLP-atc |
| v. ) | |
| ) | |
| SHELBY COUNTY SCHOOLS, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pro se Plaintiff Frederica Stowers sued Defendant Shelby County Schools under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 ("the ADA"). Plaintiff alleged that Defendant forced her to retire because of her disability. (ECF No. 1 at PageID 5.) Defendant then moved for summary judgment. (ECF No. 46.)

Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Annie T. Christoff ("Judge Christoff") for all pretrial matters. Judge Christoff entered a Report and Recommendation ("R&R") recommending that the Court grant Defendant's Motion for Summary Judgment. (ECF No. 51.) For the reasons below, the Court **ADOPTS** that R&R and **GRANTS** Defendant's Motion for Summary Judgment.

**BACKGROUND**

This all started after Plaintiff suffered an injury while employed as a middle school science teacher. (*Id.* at PageID 656.) In December 2018, one of Plaintiff's students allegedly put hand sanitizer in a drink that Plaintiff drank. (*Id.*) After that incident, Plaintiff submitted a claim

1

under the Shelby County Schools' "Accident on the Job Benefits Program." (*Id.*) This policy pays employees who are injured on the job their full salary for the first two months after the injury, and then half of their salary after that for up to one year. (*Id.*) In January 2019, Plaintiff also submitted a leave of absence request that Defendant approved through June 2019. (*Id.* at PageID 657.) In May 2019, Plaintiff requested an extension to this leave of absence and Defendant granted her extra time, through December 2019. (*Id.*) Plaintiff also applied to extend her benefits beyond the one-year limit. But Defendant denied this application. (*Id*. at PageID 658.)

After her second request for a leave of absence, Defendant sent Plaintiff a letter that said her available options were—resignation, retirement, or disability retirement. (*Id.*) The letter also told Plaintiff that if she returned to work, Defendant would provide a reasonable accommodation. (*Id.*) Plaintiff did not request an accommodation. (*See* ECF No. 51.) But in November 2019, Plaintiff applied for disability retirement benefits in the Tennessee Consolidated Retirement System ("TCRS") stating that she was "incapacitated from further service." (*Id.* at PageID 659.) TCRS approved Plaintiff's benefits in January 2020 and Social Security approved her disability benefits in January 2021. (*Id.*)

Plaintiff then sued Defendant in February 2021, along with a handful of Defendant's employees, for violating the ADA, the Age Discrimination in Employment Act of 1967, "Unfair Labor Practices," and "Workers Compensation." (*Id.* at PageID 649.) In November 2021, Judge Christoff issued a R&R for partial dismissal of all claims against Defendant for wrongful termination except the ADA claim. (ECF No. 10.) This Court then adopted Judge Christoff's R&R in full. *Id.*

Defendant answered the Complaint in August 2022, (ECF No. 17) and then moved for summary judgment in April 2023. (ECF No. 42.) Plaintiff responded to Defendant's Motion for Summary Judgment but cited no evidence from the record or disputed any facts from Defendant's statement of undisputed material facts. (ECF No. 51 at PageID 652.)

### THE R&R

In the R&R, Judge Christoff first summarizes the dispute and recounts the procedural history, including the first R&R that dismissed three of Plaintiff's four allegations. (ECF No. 51 at PageID 648–50.) Next, she describes Defendant's moving for Summary Judgment and the one-day extension that Defendant's sought when filing this Motion. (*Id.* at PageID 650–51.) She then looks to the material facts from Defendant's motion and lists the facts that she concluded were undisputed. (*Id.* at PageID 651–59.) Judge Christoff also explains that under Federal Rule of Civil Procedure 56 and Local Rule 56.1(b), Plaintiff failed to properly contest any of Defendant's facts and so all the facts are undisputed. (*Id.* at PageID 652.)

Judge Christoff addresses the standard for granting summary judgment and then analyzes Plaintiff's sole claim for wrongful termination. (*Id.* at PageID 659–66.) Judge Christoff concluded that Plaintiff did not prove that she would be qualified to perform her job, with or without a reasonable accommodation. (*Id.*) And she concluded that Plaintiff did not suffer an adverse employment action by voluntarily retiring. (*Id.*) Finally, Judge Christoff recommends that this Court grant Defendant's Motion for Summary Judgment. (*Id.* at PageID 666.)

### LEGAL STANDARD

Courts grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(c).  The Court must view the evidence—and justifiable inferences from the facts—in a light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Summary judgment is then proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Once a party moves for summary judgment, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict of the nonmoving party.  *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 248 (1986).  To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co* 475 U.S. at 586.

Though Courts hold pro se plaintiffs "to less stringent standards than formal pleadings drafted by lawyers," *Williams v. Curtin,* 631 F.3d 380, 383 (2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)), those plaintiffs still must follow the Federal Rules of Civil Procedure.  See *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011).  Courts "have no obligation to act as counsel or paralegal to pro se litigants." *Thomas v. Romanowski*, 362 F. App'x 452, 456 (6th Cir. 2010) (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)).  What is more, courts need not create a pro se litigant's claim for him. *Payne v. Sec. of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (citations omitted).

4

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). And under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If the party does not object, then a district court reviews a R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

After Judge Christoff entered her R&R, Plaintiff had until October 20, 2023, to file an objection. (ECF No. 51.) Because Plaintiff filed no objection, this Court will review the R&R for clear error. *See* Fed. R. Civ. P. 72(b).

## DISPOSITION

Finding no clear error, the Court adopts Judge Christoff's R&R.

## I. Plaintiff Failed to Plead a Claim for Wrongful Termination

Judge Christoff construes Plaintiff's allegations as a wrongful termination claim under the ADA. See e.g., *Marshall v. Wayne Cnty.*, 2020 WL 5505382, at *3 (E.D. Mich. Sept. 11, 2020 (construing Plaintiff's claim that he was forced to retire as a constructive wrongful termination claim). This Court agrees. To bring a wrongful termination claim, a Plaintiff must show: "(1) she has a disability, (2) she is otherwise qualified for the position, with or without a reasonable accommodation, (3) she suffered an adverse employment decision, (4) her employer knew or had reason to know of her disability, and (5) she was replaced, or her position remained open." *Williams v. AT&T Mobility Servs. LLC*, 847 F.3d 384, 395 (6th Cir. 2017) (quoting *Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir. 2011).

Defendant argues that Plaintiff failed to allege that she was qualified for the position and that she suffered an adverse employment action. (ECF No. 42-2.) Considering all the evidence, Judge Christoff agrees with Defendant. This Court concurs with Judge Christoff.

### A.     Plaintiff Is Not Qualified for Her Teaching Position and Did Not Request a Reasonable Accommodation

An employee bears the burden to show that they are qualified for their position, meaning that they can perform the "essential functions" of their job, with or without a reasonable accommodation. *Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 983 (6th Cir. 2011) (quotations omitted). The employee is also responsible for identifying and requesting a reasonable accommodation. *Tompkins-Wells v. Shelby Cnty Head Start*, 2015 WL 1345254, at *13 (W.D. Tenn. Mar. 23, 2015) (quoting *Tubbs v. Formica Corp.*, 107 F. App'x 485, 488 (6th Cir. 2004)). If the employer claims that the disabled individual would be unqualified to perform the essential job functions, even with the proposed accommodation, the employee must prove otherwise. *Id.* (quoting *Monette v. Elec. Data Sys. Corp.*, 90 F. 3d 1173, 1184 (6th Cir. 1996)).

Plaintiff has not shown that she can perform the essential job functions of a classroom teacher, with or without an accommodation. There is no evidence that she ever requested an accommodation, applied for other available jobs with Defendant, or even specified the date on which she would return to work. Instead, in November 2019, Plaintiff applied for disability retirement, stating that she was "incapacitated from further service." (ECF No. 51 at PageID 663.) Her doctor even attested that Plaintiff's impairment prevented her from performing the main functions of her job. (*Id.* at PageID 665.)

While an ADA plaintiff does not forfeit a claim by applying for disability benefits, they must explain why they should get both. *Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 806 (1999) ; see also *Childers v. Hardeman Cnty. Bd. Of Educ.,* 2015 WL 225058, at *13 (W.D.

Tenn. Jan. 15, 2015). Nowhere in the record does Plaintiff explain why she is entitled to relief, even though she applied for disability benefits, nor has she alleged facts that she is qualified to serve as a classroom teacher, with or without a reasonable accommodation. As Judge Christoff concluded, her wrongful termination claim fails as a matter of law.

### B. Plaintiff Did Not Suffer an Adverse Employment Action

Even if Plaintiff had alleged that she is qualified to perform the essential functions of her job, Judge Christoff correctly decided that Plaintiff did not suffer an adverse employment action. (*Id.* at PageID 666.) An adverse employment action is defined as "a materially adverse change in the terms of employment." *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 885 (6th Cir. 1996). The Sixth Circuit explains that an adverse action means termination, a demotion in wage or title, a loss of benefits, or a decrease in responsibilities. *Trepka v. Bd. of Educ.,* 28 F. App'x 455, 462 (6th Cir. 2002).

In November 2019, Plaintiff applied for disability retirement and declared that she could not return to work. (*Id.* at PageID 665.) Plaintiff's doctors confirmed that her impairment prevented her from working with the public, speaking in public, and being in large crowds. (*Id.*) Plaintiff claims that Defendant forced her to retire, but the undisputed facts lead to a different conclusion. (*Id.*) Instead, those facts show that Plaintiff chose to retire by applying for retirement and social security benefits, based on her mental and physical conditions. (*Id.*) Remember, when an employee retires, the law presumes that to be a voluntary choice. *Hargett v. Jefferson Cnty Bd. Of Educ*., 2017 WL 939326, at *9 (W.D. Ky. Mar. 9, 2017) (quoting *Nunn v. Lynch*, 113 F. App'x 55, 59 (6th Cir. 2004)). And Plaintiff did not introduce evidence to overcome the presumption that her retirement was anything but her own decision. (*Id.* at PageID 666.)

## **CONCLUSION**

The Court has reviewed Judge Christoff's R&R for clear error and finds none.  The Court **ADOPTS** the R&R and **GRANTS** Defendant's Motion for Summary Judgment.  All claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED**, this 1st day of November, 2023.

                                         s/ Thomas L. Parker
                                         THOMAS L. PARKER
                                         UNITED STATES DISTRICT JUDGE